IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DWIGHT HARRIS and ) | |
| MARCUS ROBINSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 3:08-cv-00699 |
| v. ) | Judge Knowles |
| ) | |
| JEAN McCORMACK, individually and ) | |
| as an Officer of the Metropolitan ) | |
| Nashville Police Department, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is a "Motion to Dismiss State Law Claims" filed by Defendant Metropolitan Government. Docket No. 82. In support of that Motion, Defendant has filed a Memorandum of Law (Docket No. 83), a copy of Plaintiff's Amended Complaint filed in the Davidson County Circuit Court (Docket No. 82-1), and a copy of the Agreed Order staying the Davidson County Circuit Court proceedings (Docket No. 82-2).

Plaintiffs have filed a Response in opposition (Docket No. 84), to which Defendant has replied (Docket No. 85).

Plaintiffs filed this action on July 18, 2008, alleging federal civil rights claims pursuant to 42 U.S.C. § 1983, violations of the Tennessee Governmental Tort Liability Act ("TGTLA"), as well as negligence, intentional and negligent infliction of emotional distress, assault and battery, false arrest, and malicious prosecution. Docket Nos. 1 and 30, Complaint and Amended Complaint. Plaintiffs' claims arose out of a traffic stop and shooting on July 20, 2007. *Id.*

1

Plaintiffs allege that they were wrongfully arrested, and that excessive force was used to effect their arrest. *Id.* Plaintiffs also aver that the Metropolitan Government has a policy, practice, or custom of failing to properly hire, supervise, instruct, train, control, or discipline its officers. *Id.*

Defendant filed the instant Motion and supporting materials on September 3, 2010. Docket Nos. 82-83. Defendant argues that it is a governmental entity subject to the provisions of the TGTLA, and that, accordingly, it is protected by the TGTLA's governmental immunity, which states in pertinent part as follows:

> (a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury, which may result from the activities of such governmental entities, wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary . . .
>
> (c) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

Tenn. Code. Ann. § 29-20-201

Defendant also argues that this Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims because of the Tennessee legislature's preference that such claims be tried exclusively in the Circuit Court. *Id., citing Heyne v. Metro Nashville Public Schools*, 626 F. Supp. 2d 724, 734-735 (M.D. Tenn. 2008)*;* and *Lee v. Metro Gov't of Nashville & Davidson County*, 2008 WL 501327, at *5 (M.D. Tenn 2008)(*citing Gregory v. Shelby County, Tenn*, 220 F.3d 433, 446 (6th Cir. 2000)). Defendant additionally notes that Plaintiffs have filed a companion state case in the Davidson County Circuit Court that alleges identical claims to those asserted in the instant federal action (*id., referencing* Docket No. 82-1), and that the parties have entered into an Agreed Order staying proceedings in the Circuit Court until this

federal action is resolved (*id., referencing* Docket No. 82-2).  Defendant contends that, should this court exercise supplemental jurisdiction over the state law claims in this case, the result would be duplicative lawsuits pending in two separate forums.  Docket No. 83.  Defendant maintains that this Court should seek to avoid duplicative lawsuits, defer to the Tennessee legislature's preference that the claims be tried in the Circuit Court, and dismiss Plaintiffs' state law claims.

Plaintiffs respond that all of the claims in this action arose out of the same event, and that accordingly, this Court has supplemental jurisdiction over the state law claims because they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Docket No. 84, *quoting* 28 U.S.C. § 1367(a).  Plaintiffs contend that, contrary to Defendant's assertion, this Court has the discretion to determine whether or not to exercise supplemental jurisdiction over TGTLA claims that form part of the same case or controversy as the original jurisdiction claims.  Docket No. 84.  Specifically, Plaintiffs contend that *Gregory, supra*, allows, not requires, dismissal of TGTLA claims.  *Id.*  In support of their claim, Plaintiffs quote *Lopez v. Metropolitan Gov't of Nashville & Davidson County*, 646 F. Supp. 2d 891, 920-921 (M.D. Tenn. 2009) as follows:

> The district court in *Brown v. City of Memphis*, 440 F. Supp. 2d 868, 878 (W.D. Tenn. 2006) . . . observed that "[s]upplemental jurisdiction is grounded implicitly in Article III of the Constitution, and, explicitly, in federal statutory law." *Id.* at 878.  Given these underpinnings, state legislatures "are powerless to impose jurisdictional constraints upon the federal judiciary," and, therefore "[w]hatever the intent of the Tennessee legislature may have been in enacting the Governmental Tort Liability Act, **the authority of the federal courts to appropriately exercise jurisdiction over supplemental state law matters remains undiminished.**" Id. The court then went on to hold that **dismissal of the TGTLA claims would unnecessarily waste judicial and litigant**

3

> **resources**. Id.; see, Johnson, 2006 WL 2546544 at *2 (refusing to remand TGTLA claim because claims arose out of common nucleus of facts and remand "would waste the resources of the state and federal court and the litigants.").

*Lopez*, 646 F. Supp. 920-921. (Emphasis added by Plaintiffs.)

Plaintiffs argue that the dismissal of their TGTLA claims would be a "waste of time and an extremely inefficient use of the litigants' and the Courts' resources." Docket No. 84. Plaintiffs state that they filed a "mirror lawsuit" with the same allegations of facts, claims, and Defendants in the Davidson County Circuit Court simply out of an abundance of caution based upon Plaintiffs' counsel's prior experience as defense counsel for governmental entities in two unrelated civil rights matters. Docket No. 84, note 1. As has been noted, the parties entered into an Agreed Order staying proceedings in the Circuit Court until this federal action is resolved (s*ee* Docket No. 82-2), and they have been operating under that agreement in the two plus years since that time. Plaintiffs argue that because extensive written discovery has taken place, as have twelve depositions, dismissal of their state law claims at this juncture would waste considerable litigant and judicial resources. Docket No. 84.

Plaintiffs contend that the exercise of supplemental jurisdiction over their state law claims in this case is proper and within the authority of the Court because there is no dispute that all of the claims in this case arose out of the same July 20, 2007 incident, that the claims in this case concern a "common nucleus of facts," and that all of the state law claims "form part of the same case or controversy." *Id.*

Defendant, in its Reply, argues that the Agreed Order staying the Circuit Court proceedings was entered only after the state court had already adjudicated part of Plaintiffs' state law claims, and therefore, after the state court had already exercised jurisdiction over those

claims. Docket No. 85. Specifically, Defendant notes that prior to the parties entering the Agreed Order, it had filed (in the Davidson County Circuit Court) a Motion to Dismiss Defendant Sheriff Daron Hall**,** oral argument had been held on that Motion before Judge Barbara Haynes, and Judge Barbara Haynes had granted Defendant's Motion to Dismiss. *Id.* Defendant argues that, at no time during the pendency of its Motion to Dismiss Defendant Sheriff Daron Hall, did Plaintiffs argue to the Circuit Court that it should not decide the Motion or ask that resolution of that Motion be stayed because there was a companion federal case. *Id.* Defendant stresses that the state court has already exercised jurisdiction over a portion of Plaintiffs' state law claims. *Id.*

Defendant also notes that, in addition to the Agreed Order staying the state law proceeding, the parties have also entered into an Agreed Order consolidating discovery. *Id.*, *referencing* Docket No. 85-2. Defendant argues that there would have been no reason to consolidate discovery for the two cases if Plaintiffs' remaining state law claims were never to be tried in state court since Plaintiffs would never have occasion to use that discovery in state court. *Id.* Defendant additionally argues that the Agreed Order consolidating discovery essentially invalidates Plaintiffs' argument regarding judicial economy and the wasting of resources, since Plaintiffs can use the discovery taken in this case in their state court proceeding. *Id.*

Finally, Defendant contends that the situation in *Lopez* is different from the case at bar because *Lopez* involved a plaintiff who moved to remand her state law claims nearly two years after the defendant had removed the case and less than two months before trial. *Id.* Defendant argues that Plaintiffs' reliance on *Lopez* is misplaced, as *Lopez* did not involve a companion state court action, did not involve a situation where the parties agreed to consolidate discovery in

5

actions pending in parallel forums so as to avoid wasting time and resources, and did not involve a defendant moving to dismiss duplicate claims pending in two different courts. *Id.*

As an initial matter, Defendant's pending Motion seeks to dismiss only Plaintiffs' state law claims. Because Defendant is not moving in the instant Motion to dismiss Plaintiffs' federal claims, the undersigned will not analyze those claims at this time.

It is undisputed that this Court has jurisdiction over Plaintiffs' federal claims, in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). The Court may, under 28 U.S.C. § 1367, exercise supplemental jurisdiction over the state law claims ancillary to the relief sought. Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction. Even where "the [Court] arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [C]ourt has discretion to decline to exercise its supplemental jurisdiction." *Cirasuola v. Westrin*, No. 96-1360, 1997 WL 472176, at *1 (6th Cir. Apr. 18, 1997), aff'g, 915 F.Supp. 909 (E.D.Mich.1996) (Gadola, J.).

As the Supreme Court held in *City of Chicago v. International College of Surgeons*:

> [T]o say that the terms of § 1367(a) authorize the district courts to exercise supplemental jurisdiction over state law claims ... does not mean that the jurisdiction must be exercised in all cases. Our decisions have established that pendent jurisdiction "is a doctrine of discretion, not of plaintiff's right," [*Gibbs*, 383 U.S. at 726], and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons, [*id.* at 726-27]. *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("As articulated by *Gibbs*, the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). Accordingly, we have indicated that "district courts [should] deal with cases involving pendent claims in the manner that best serves the

> principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."

*Id.*, at 357.

In exercising its discretion, therefore, this Court must look to considerations including judicial economy, convenience, fairness, and comity. *See Int'l Coll. of Surgeons*, 522 U.S. at 173; *Cohill*, 484 U.S. at 350; *Gibbs*, 383 U.S. at 726; *see also* C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3567.1 (2d ed.1984). The only claims remaining in the instant action are Plaintiffs' state law claims against Metro Government and Plaintiffs' federal and state law claims against Defendant McCormack. There is no question that this Court has jurisdiction over Plaintiffs' § 1983 claims against Defendant McCormack. If the Court grants the instant Motion and dismisses Plaintiffs' state law claims against Metro Government, the Court will be setting up the possibility that two separate trials will occur, one in state court and one in federal court. Considerations of judicial economy, convenience, and fairness counsel against this possibility. With regard to comity, as discussed above, this Court's decision concerning dismissing Plaintiffs' state law claims is governed by federal law, not by state law.

For all the foregoing reasons, Defendant's "Motion to Dismiss State Law Claims" (Docket No. 82) is DENIED.

IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge